IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SAVON R.D. THOMAS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:22-cv-4 |
| v. | |
| JUDGE ROBERT HARRIS ODELL, | |
| Defendant. | |

**O R D E R**

This matter comes before the Court on Plaintiff's failure to comply with the Court's Orders of January 18, 2022, (doc. 3), and January 25, 2022, (doc. 4), and his failure to inform the Court, in writing or otherwise, of any new or different address.  For the following reasons, the Court **DISMISSES** Plaintiff's claims **without prejudice** for failure to prosecute.  Moreover, the Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

**BACKGROUND**

On January 18, 2022, Plaintiff, proceeding *pro se*, filed a Complaint against Judge Robert Harris O'Dell regarding an appearance Plaintiff had on criminal charges pending against Plaintiff in Chatham County.  (Doc. 1.)  At the time of filing his Complaint, he was housed in the Chatham County Detention Center.  The Court issued an Order on January 18, 2022, directing Plaintiff to elect, withing fourteen days, whether he wanted to consent to plenary disposition of his case before the United States Magistrate Judge.  (Doc. 3.)  The Court warned Plaintiff that if he failed to respond, the Court could issue sanctions including the striking of his claims.  (Id. at p. 3.)  Plaintiff failed to respond to that Order.  With his Complaint, Plaintiff filed a Motion to

Proceed *In forma pauperis*. (Doc. 2.) The Court granted that Motion on January 25, 2022. (Doc. 4.) In that Order, the Court directed Plaintiff to provide the Court with a copy of his Prison Trust Account Statement and Consent to Collection of Fees from Trust Account Form. (Id.) The Court forewarned Plaintiff that his failure to respond could result in dismissal of his case. (Id. at p. 5.) The copies of these orders that were mailed to Plaintiff were returned to the Court as undeliverable with a notation that Plaintiff was no longer at the Chatham County Detention Center. (Docs. 5, 6.) Plaintiff has taken no further action in this case.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to keep the Court apprise of his address. For the reasons set forth below, the Court **DISMISSES** Plaintiff's claims and **DENIES** Plaintiff leave to appeal *in forma pauperis*.

### I. Dismissal for Failure to Prosecute and to Follow this Court's Orders

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff on several occasions of the consequences of his failure to comply with this Court's Orders and failure to prosecute this case.

WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because

plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).  Plaintiff has failed to keep this Court apprised of his address.  See Local Rule 11.1 ("each attorney and pro se litigant has a continuing obligation to apprise the Court of any address change").  Moreover, Plaintiff has not filed any response to the Court's Orders.  Additionally, with Plaintiff not having taken any action on this case for approximately five months, he has failed to diligently prosecute his claims.  Thus, the Court has no option but to dismiss this case.

## II.    Leave to Appeal *In Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or,

4

stated another way, an *in forma pauperis* action is frivolous and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **DISMISSES** this action without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 2nd day of June, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA